**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**OHIO DEPARTMENT OF INSURANCE,**

      **Plaintiff,**

  **v.**                                          **Civil Action 2:20-mc-43
Chief Judge Algenon L. Marbley
Magistrate Judge Chelsey M. Vascura**

**RPM MORTGAGE, INC.,** *et al.***,**

      **Defendants.**

**OPINION AND ORDER**

This matter is before the Court on the Motion of third-party subpoena recipient Ohio Department of Insurance ("ODI") to quash the subpoena served on it by Defendants RPM Mortgage, Inc. and LendUS, LLC. (ECF No. 1.) For the following reasons, the Motion to Quash is **TRANSFERRED** to the Southern District of New York pursuant to Federal Rule of Civil Procedure 45(f).

        **I.**      **BACKGROUND**

The subpoena in question arises out of underlying litigation pending in the Southern District of New York, captioned *Partner Reinsurance Company Ltd. v RPM Mortgage, Inc. et al.,* Civil Action No. 1:18-cv-05831 (the "New York litigation"). The New York litigation centers on a Merger Agreement entered into between New York Plaintiff Partner Reinsurance Company Ltd. ("Partner Re"), a title insurance company comprising several subsidiaries of Partner Re, known collectively as "Entitle," and New York Defendant RPM Mortgage, Inc.

("RPM"),[1] whereby RPM was to acquire Entitle.  One of the conditions for closing the merger was that ODI must approve the change in ownership of Entitle.  RPM and Entitle worked cooperatively to assemble the required financial information and submit the application for approval (referred to as the "Form A" application) to ODI on March 10, 2017.  Although the timeline is disputed, at some point in Spring 2017, Entitle provided RPM with additional information about Entitle's financial condition, which RPM considered to be materially different from the Form A information provided to ODI.  RPM alleges that it requested Entitle's consent to provide ODI with supplemental Form A information, but Entitle and/or Partner Re refused.  ODI approved the change in ownership on June 2, 2017.  However, due at least in part to each parties' concerns about the deteriorating financial condition of the other, RPM's acquisition of Entitle never closed, and the primary issues in the New York litigation concern whether any of RPM, Partner Re, or Entitle breached the Merger Agreement.

As part of discovery in the New York litigation, RPM served ODI with a subpoena requesting a deposition under Federal Rule of Procedure 30(b)(6) and the production of documents related to the ODI's consideration of the Form A application.  ODI has produced some 2,000 pages of documents in response to the subpoena, but objects to further compliance on grounds that production of any further documents or testimony would be unduly burdensome and that the information sought is protected by an Ohio statutory privilege.  RPM disputes ODI's claim of undue burden and argues that the statutory privilege is not applicable to ODI's review of changes in ownership.

---

[1] LendUS, LLC is a successor entity to RPM.  For the sake of brevity, the undersigned will refer to RPM and LendUS, LLC collectively as "RPM."

## II.     STANDARDS GOVERNING SUBPOENAS

Under Rule 45 of the Federal Rules of Civil Procedure, a party may command a nonparty to produce documents.  Fed. R. Civ. P. 45(a)(1).  Rule 45 permits the Court to quash a subpoena that subjects a non-party to undue burden.  Fed. R. Civ. P. 45(c)(3)(A)(iii), (iv).  Although Rule 45 does not specifically include irrelevance as a basis for quashing a subpoena, "the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26."  *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011) (internal citation and quotation marks omitted).  When a nonparty challenges a subpoena on grounds that the request is over-burdensome, the party seeking the discovery must establish that the information sought is relevant.  *See Spartanburg Reg. Healthcare Sys. v. Hillenbrand Indus.*, No. 1:05-mc-107, 2005 WL 2045818, at *4 (W.D. Mich. Aug. 24, 2005).  Courts will balance the need for the discovery against the burden imposed on the person ordered to produce documents, and that person's status as a nonparty is a factor weighing against disclosure.  *See State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic, P.C.*, 315 F.R.D. 220, 222 (E.D. Mich. 2016) (quoting *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993)).

Rule 45(f) also permits the transfer of a motion to quash a subpoena "to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances."  Fed. R. Civ. P. 45(f); *see also* Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment ("In the absence of consent, the court may transfer in exceptional circumstances, . . . transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts.").  If exceptional circumstances exist, the Court must weigh them against the interests of the nonparty in obtaining local

resolution of the motion. Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment ("The prime concern should be avoiding burdens on local nonparties subject to subpoenas.").

### III. ANALYSIS

Before reaching the undue burden or privilege issues, the Court must address the threshold issue of relevance. RPM asserts in its opposition to ODI's Motion to Quash that RPM requires testimony concerning how ODI arrived at its approval decision, as well as any communications between ODI and Entitle or Partner Re, in order to determine whether Entitle breached the Merger Agreement. (Mem. in Opp'n 8–9, ECF No. 2.) As far as the undersigned can tell, RPM wishes to bolster its defense with testimony from ODI to the effect that, had Entitle provided ODI with a clear picture of its financial condition, ODI would not have granted the Form A approval.

This line of evidence appears to the undersigned to hold at best tangential relevance to the underlying issues in the New York litigation of whether any party breached the Merger Agreement. The undersigned would further be inclined to hold that any such tangential relevance would be outweighed by the burden on ODI of responding to the subpoena. However, rather than ruling on the issue of relevance, the undersigned finds that transferring ODI's Motion to Quash to the Southern District of New York pursuant to Rule 45(f) is appropriate. That court is in a much better position to assess the scope of appropriate discovery, having presided over the New York litigation for over two years and having adjudicated previous discovery disputes on the basis of relevance. *See* S.D.N.Y. Case No. 1:18-cv-05831, ECF No. 109 (compelling RPM to produce documents in discovery over relevance objections); *see also, e.g.*, *F.T.C. v. v. A+ Fin. Ctr.*, LLC, No. 1:13-MC-50, 2013 WL 6388539, at *3 (S.D. Ohio Dec. 6, 2013) (finding exceptional circumstances warranting transfer of subpoena-related motions to quash when

4

transferring the matter was in "the interests of judicial economy and avoiding inconsistent results").

Further, it appears discovery has already closed in the New York litigation, and the presiding judge recently expressed a reluctance to extend the discovery period any further. (*See* Case No. 1:18-cv-05831, ECF No. 117.) In such circumstances, "[t]ransfer can be appropriate when it would avoid interference with a time-sensitive discovery schedule issued in the underlying action." *Lipman v. Antoon*, 284 F. Supp. 3d 8, 12 (D.D.C. 2018). Such is the case here. *See*, *e.g.*, *Deman Data Sys. v. Schweikert*, No. CV 14-199-DLB-CJS, 2015 WL 12977016, at *2–3 (E.D. Ky. Jan. 12, 2015) (transferring under Rule 45(f), expressing "concern[ ] that a ruling on the pending Motion to Compel may disrupt the [issuing court's] case schedule").

Moreover, the burden on nonparty ODI of having this dispute adjudicated by the Southern District of New York will be slight. Rule 45(f) allows counsel for ODI to file papers and appear on the Motion to Quash as officer of the Southern District of New York. Further, it is unlikely that any travel will be required of Ohio-based counsel, as the presiding judge's standing order indicates that all civil matters are currently being held by telephone due to the COVID-19 pandemic. *See* Emergency Individual Rules and Practices in Light of COVID-19, https://www.nysd.uscourts.gov/sites/default/files/practice_documents/PAE%20Engelmayer%20COVID-19%20Emergency%20Rules%20and%20Practices.pdf; *Hayward Prop., L.L.C. v. Commonwealth Land Title Ins. Co.*, No. 20-50286, 2020 WL 3104288, at *2 (E.D. Mich. June 11, 2020) (transferring pursuant to Rule 45(f) and noting burden on nonparty would be minimal due to courts' widespread use of video- and teleconferencing in the wake of COVID-19). Thus, the undersigned finds any burden of transfer on ODI to be outweighed by the exceptional circumstances outlined *supra*.

## IV.     CONCLUSION

For the reasons set forth above, the Clerk is **DIRECTED** to **TRANSFER** ODI's Motion to Quash to the Southern District of New York, *Partner Reinsurance Company Ltd. v RPM Mortgage, Inc. and LendUS, LLC.,* Civil Action No. 1:18-cv-05831, and close this miscellaneous action.

**IT IS SO ORDERED.**

*/s/ Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE